**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORTHWESTERN UNIVERSITY, an Illinois not-for-profit institution,<br><br>Plaintiff,<br><br>v.<br><br>NINA BARRETT, an individual,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Northwestern University, for its complaint against defendant Nina Barrett states as follows:

## NATURE OF THE CASE

1. This is an action for copyright infringement brought under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* Northwestern University brings this action because Ms. Barrett, a former employee, willfully infringed Northwestern University's copyright in the work "The Leopold and Loeb Files Book Proposal," by reproducing it and preparing derivative works based upon the work without Northwestern University's permission. Northwestern University also brings a claim for conversion against Ms. Barrett because Ms. Barrett, without Northwestern University's authorization, wrongfully assumed control of electronic files relating to the Leopold and Loeb Files book project and has refused Northwestern University's demands to return the property.

## THE PARTIES

2. Northwestern University is a private, not-for-profit, coeducational institution organized and existing under the laws of Illinois, with a principal place of business at 633 Clark Street, Evanston, Illinois 60208.

3. Ms. Barrett is an individual and citizen of Illinois.

## JURISDICTION

4. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. The Court has federal-question jurisdiction over Counts I-III pursuant to 28 U.S.C. §§ 1331 and 1338(a), and it has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367(a).

## FACTUAL ALLEGATIONS

5. Northwestern University initially hired Ms. Barrett as a Writer, a position that she held from March 13, 2006, until August 31, 2011. She was promoted to Communication Specialist in the Northwestern University Library public relations department, effective September 1, 2011; the promotion included a pay increase and additional work responsibilities. Ms. Barrett was employed as a Communication Specialist until January 3, 2014. Ms. Barrett served as a part-time employee for Northwestern University from March 13, 2006, to January 3, 2014.

6. Both as a Writer and a Communication Specialist, Ms. Barrett was responsible for developing concepts for, researching, and then writing, editing, and producing materials related to Northwestern University Library's goals and mission. These materials included press releases, newsletters, articles, books, exhibit notes, brochures, and presentations.

7. In April 2009, Ms. Barrett curated the exhibit, "The Murder that Wouldn't Die: Leopold and Loeb in Fact, Fiction, and Artifact," featuring materials from Northwestern

University's collections relating to the 1924 murder of Bobby Franks by Nathan Leopold and Richard Loeb. Ms. Barrett wrote captions for the materials displayed and created pamphlets and other materials for the exhibit.

8. Due to the exhibit's success, Northwestern University decided to use the materials from the exhibit, as well as other materials from Northwestern University's collections, to create a book about the Leopold and Loeb murder that would be published by the Northwestern University Press. On September 9, 2009, Clare Roccaforte, Ms. Barrett's supervisor, issued a memorandum to Ms. Barrett in which Ms. Roccaforte stated, "The writing of [the Leopold and Loeb book] has been assigned to you as an official part of your job here at Northwestern University Library." (Ex. A.)

9. Because creating the Leopold and Loeb book was an additional project, Northwestern University increased Ms. Barrett's part-time work hours so that she would have time to devote to the project. As stated in Ms. Roccaforte's memorandum:

> We are cognizant of the need to make more time for you to work on this project while continuing to keep pace with your other job duties. It is important to clarify that this new assignment will not take the place of any existing work obligations. To that end, we will grant you 8 additional paid hours per week (for a total of 27) for the FY 10 year (September 1, 2009 – August 31, 2010) at the same rate of pay.

(Ex. A.)

10. The memorandum also made clear that the contract for the Leopold and Loeb book would be entered into between Northwestern University Press and Northwestern University Library. Ms. Roccaforte explained, "The contract for this publication will be between the Northwestern University Press and Northwestern University Library. Any formal contractual decisions with the Press need to go through Sarah Pritchard. Any payments or royalties will go to the Library. The Library (and the Press) will approve all content." (Ex. A.)

11. Ms. Barrett began working on the project. Ms. Barrett created a proposal for the book, which was submitted to Northwestern University Press. A revised proposal, dated April 1, 2010, included a summary, outline, and a sample introduction and first chapter, along with some images of materials from Northwestern University's collections.

12. Ms. Barrett continued working for Northwestern University Library for the next several years. Ms. Barrett reported her progress on the Leopold and Loeb project, and the status of the project was periodically reviewed in connection with her employee performance evaluations. For example, a 2010 performance evaluation contains as a "performance objective": "Develop proposal for Leopold and Loeb book with University Press" and notes that "if all goes well, [Ms. Barrett] will work on the text over the summer." Subsequent performance evaluations also referenced the progress of the project. A 2011 evaluation identifies as an objective: "[P]roduce representative chapter of Leopold & Loeb book to send out with revised proposal;" a 2012 evaluation identifies as an objective: "[C]omplete sections II, III, and IV of 'The Leopold & Loeb Files' (per proposal), with intention to complete the manuscript by August 2012."

13. Progress on the book was slower than anticipated. In 2012, Ms. Barrett applied for and received the Kaplan Institute's Library Fellowship, which is made available to one library staff member each year, to complete the book. Northwestern University Library accepted and endorsed Ms. Barrett's application. As the Kaplan Institute's Library Fellow, Ms. Barrett served as a representative of Northwestern University Library.

14. While she was the Kaplan Institute's Library Fellow, from September 2012 through August 2013, Ms. Barrett remained an employee of, and continued to be paid a salary by, Northwestern University Library; she continued work on the Leopold and Loeb book as part

4

of her employment responsibilities as a Communication Specialist. On information and belief, she continued working on the manuscript after her fellowship concluded in August 2013.

15. Ms. Barrett resigned as a Northwestern University employee in December 2013. When Ms. Barrett left Northwestern University, she took with her file materials relating to the Leopold and Loeb book project, including the draft of the manuscript.

16. After Ms. Barrett resigned, Northwestern University conducted a forensic examination of Ms. Barrett's University-issued laptop as well as back-up files that she accessed on Northwestern University servers. The preliminary results from the forensic examination suggest that, sometime in October 2013, Ms. Barrett transferred files related to the Leopold and Loeb book project from the laptop to a USB-drive and that Ms. Barrett also restricted access to other files. The examination was able to recover a list of files that appear to be related to the Leopold and Loeb project. Northwestern University did not authorize these actions.

17. On information and belief, Ms. Barrett transferred the files and restricted access in order to prevent Northwestern University from accessing them. On information and belief, while still employed at Northwestern University, she continued to work on the book project, creating and editing text for her own benefit. When she left her employment in December 2013, Ms. Barrett did not return the files to Northwestern University.

18. On March 26, 2014, Northwestern University demanded that Ms. Barrett return the Leopold and Loeb manuscript, including all drafts, notes, outlines, and other research materials. On April 30, 2014, Ms. Barrett informed Northwestern University that she would not return the materials.

19. At all relevant times, since Northwestern University's hiring of Ms. Barrett until her resignation in December 2013, Ms. Barrett was a paid employee of Northwestern University

5

and a staff member of Northwestern University Library. Ms. Barrett had a regular work schedule with Northwestern University Library, which assigned her work duties and paid her. Except for time she served as a lecturer for the School of Continuing Studies from March 1, 2013, to June 30, 2013, Ms. Barrett was never a faculty member or independent contractor for Northwestern University.

20. Northwestern University assigned the creation of the Leopold and Loeb book to Ms. Barrett as a part of her job duties as a Communication Specialist. Ms. Barrett prepared the Leopold and Loeb materials within the scope of her employment.

21. Because Ms. Barrett created the Leopold and Loeb materials within the scope of her employment for Northwestern University, the Leopold and Loeb materials constitute a "work made for hire" under the Copyright Act, 17 U.S.C. § 101 *et seq*. Accordingly, the ownership of the copyright in the Leopold and Loeb materials vested automatically in Northwestern University, Ms. Barrett's employer, which is the "author" of the work. 17 U.S.C. § 201(a).

22. Northwestern University and Ms. Barrett did not sign an agreement that Ms. Barrett owns the copyright in the Leopold and Loeb materials. Therefore, Northwestern University owns all of the rights comprised in the copyright in the Leopold and Loeb materials.

23. On April 28, 2014, Northwestern University applied to register the copyright in the "The Leopold and Loeb Files Book Proposal" with the United States Copyright Office. (Ex. B.) That work consists of the revised book proposal, which includes a summary, outline, sample introduction, sample chapter, and preexisting materials from Northwestern University's collections, along with the list of files obtained through the forensic examination.

## COUNT I
### Copyright Infringement – Reproduction (17 U.S.C. § 106(1))

24. Northwestern University realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23.

25. Northwestern University has complied with all statutory requirements in applying for a federal copyright registration of The Leopold and Loeb Files Book Proposal.

26. Northwestern University owns, and at all relevant times has owned, the copyright in The Leopold and Loeb Files Book Proposal.

27. The Leopold and Loeb Files Book Proposal is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

28. Ms. Barrett, without authorization, has reproduced The Leopold and Loeb Files Book Proposal. Ms. Barrett's conduct constitutes direct infringement of Northwestern University's exclusive copyright in violation of 17 U.S.C. § 106(1).

29. Ms. Barrett's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Northwestern University's rights.

30. As a direct and proximate cause of Ms. Barrett's infringing conduct, Northwestern University has suffered monetary and non-monetary damages.

31. Northwestern University has suffered irreparable harm as a result of Ms. Barrett's infringing activities and will continue to suffer irreparable harm in the future unless Ms. Barrett is enjoined from her infringing conduct.

## COUNT II
### Copyright Infringement – Derivative Works (17 U.S.C. § 106(2))

32. Northwestern University realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23.

33. On information and belief, Ms. Barrett, without authorization, has modified and adapted content from The Leopold and Loeb Files Book Proposal to create an adaptation or derivative work of The Leopold and Loeb Files Book Proposal. Ms. Barrett's conduct constitutes direct infringement of Northwestern University's exclusive copyright in violation of 17 U.S.C. § 106(2).

34. On information and belief, Ms. Barrett's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Northwestern University's rights.

35. As a direct and proximate cause of Ms. Barrett's infringing conduct, Northwestern University has suffered monetary and non-monetary damages.

36. Northwestern University has suffered irreparable harm as a result of Ms. Barrett's infringing activities and will continue to suffer irreparable harm in the future unless Ms. Barrett is enjoined from her infringing conduct.

## COUNT III
### Ownership of Copyright – Declaratory Judgment (28 U.S.C. § 2201)

37. Northwestern University realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23.

38. On March 26, 2014, Northwestern University informed Ms. Barrett that it owns the copyright in the Leopold and Loeb Files materials. On April 30, 2014, Ms. Barrett denied Northwestern University's claim.

39. Accordingly, an actual controversy exists regarding whether Northwestern University owns the copyright in The Leopold and Loeb Files Book Proposal and other Leopold and Loeb Files materials.

40. Northwestern University requests that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that Northwestern University is the sole owner of the copyright in

The Leopold and Loeb Files Book Proposal and other Leopold and Loeb Files materials under the Copyright Act, 17 U.S.C. § 101 *et seq*.

## COUNT IV
## Conversion

41. Northwestern University realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23.

42. Northwestern University has a right to the Leopold and Loeb Files materials, including all drafts, notes, outlines, and other research materials.

43. Northwestern University has an absolute and unconditional right to immediate possession of the Leopold and Loeb Files materials, including all drafts, notes, outlines, and other research materials.

44. In October and December 2013, Ms. Barrett wrongfully assumed control of the Leopold and Loeb Files materials without Northwestern University's authorization.

45. Ms. Barrett has converted the Leopold and Loeb Files materials to her own use and benefit.

46. On March 26, 2014, Northwestern University demanded that Ms. Barrett immediately return the Leopold and Loeb Files materials. Ms. Barrett has refused to do so and continues to wrongfully possess the property.

47. Northwestern University has suffered monetary and non-monetary damages as a result of Ms. Barrett's conversion.

**RELIEF REQUESTED**

WHEREFORE, Northwestern University respectfully requests this Court enter an order granting the following relief:

A.     Enter a judgment that Northwestern University is the owner of the copyright in The Leopold and Loeb Files Book Proposal and other Leopold and Loeb Files materials;

B.     Enter a judgment that Ms. Barrett directly and willfully infringed The Leopold and Loeb Files Book Proposal;

C.     Enter a judgment that Ms. Barrett is liable to Northwestern University for conversion;

D.     Enter orders preliminarily and permanently enjoining Ms. Barrett, as well as those in active concert with her, from infringing Northwestern University's copyright in The Leopold and Loeb Files Book Proposal and other Leopold and Loeb Files materials;

E.     Order Ms. Barrett to immediately return to Northwestern University the Leopold and Loeb Files materials, including all drafts, notes, outlines, and other research materials;

F.     Order the impounding for destruction of all unauthorized copies, reproductions, adaptations, and derivative works based upon The Leopold and Loeb Files Book Proposal in the possession, custody, or control of Ms. Barrett, as well as those in active concert with her;

G.     Award Northwestern University actual damages sustained as a result of Ms. Barrett's infringement of Northwestern University's exclusive copyright in The Leopold and Loeb Files Book Proposal, together with any infringer's profits attributable to the infringement but not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b);

H.     Award Northwestern University full costs and attorneys' fees, as authorized by 17 U.S.C. § 505;

I.  Award Northwestern University pre-judgment and post-judgment interest, as allowed by law;

J.  Award Northwestern University such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Northwestern University demands a trial by jury of any and all issues on which trial by jury is available under applicable law.

July 22, 2014                      NORTHWESTERN UNIVERSITY

By:  /s/ Richard J. O'Brien
      One of its attorneys

Richard J. O'Brien
Debra J. Stanek
Jason A. Cairns
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
E-mail:  robrien@sidley.com
E-mail:  dstanek@sidley.com
E-mail:  jcairns@sidley.com
Facsimile:  (312) 853-7036